**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ted A. Nettles and Janell B. Nettles, Appellants,

v.

Sylvester Guess Drew, Jr., Debra Drew, and Colleton County, Respondents.

Appellate Case No. 2016-000477

———————

Appeal From Colleton County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-144
Submitted February 1, 2018 – Filed April 11, 2018

———————

**AFFIRMED**

———————

Dean Anthony Hayes, of McCabe, Trotter & Beverly, P.C., of Columbia, for Appellants.

David M. Swanson and Pierce Talmadge MacLennan, both of Haynsworth Sinkler Boyd, PA, of Charleston; and A. Parker Barnes, Jr., of A. Parker Barnes, Jr., PA, of Beaufort; all for Respondents Sylvester Guess Drew, Jr. and Debra Drew.

Ernest Mitchell Griffith, of Griffith Freeman & Liipfert, LLC, of Beaufort, for Respondent Colleton County.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Vick v. S.C. Dep't of Transp.*, 347 S.C. 470, 477, 556 S.E.2d 693, 697 (Ct. App. 2001) ("The determination of whether a road has been dedicated to public use is one in equity."); *id.* ("Therefore, this court may find facts in accordance with its own view of the preponderance of the evidence."); *id.* ("In situations where title is claimed by dedication rather than an actual conveyance, the actions of the parties 'must be so unequivocal and positive as to leave little doubt that it was the intention of the owner to dedicate the same to the public use.'" (quoting *Shia v. Pendergrass*, 222 S.C. 342, 348, 72 S.E.2d 699, 701 (1952))); *id.* ("To perfect a claim of dedication, a party must show two elements: (1) the owner's clear and unmistakable intention to dedicate the property to public use, and (2) acceptance of that property by the public."); *Hoogenboom v. City of Beaufort*, 315 S.C. 306, 317, 433 S.E.2d 875, 883 (Ct. App. 1992) ("A dedication need not be made by deed or other writing, but may be effectually made by acts or declarations."); *id.* ("Intent to dedicate may also be implied from long public use of the land to which the owner acquiesces."); *Helsel v. City of North Myrtle Beach*, 307 S.C. 24, 27, 413 S.E.2d 821, 823 (1992) ("No formal acceptance by a public authority is necessary to complete the dedication; acceptance may be implied by the public's continuous use of the property."); *id.* ("Acceptance of an offer of dedication also may be recognized through a public authority's using, repairing, or working the streets."); *Hoogenboom*, 315 S.C. at 317, 433 S.E.2d at 883 ("Nevertheless, dedication is an exceptional mode of passing an interest in land, and the proof of dedication must be strict, cogent, and convincing."); *id.* ("The acts proved must not be consistent with any construction other than that of a dedication.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.